**Concurring and Dissenting Opinion Filed September 13, 2019**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-01432-CV

### ANDREW DUNCAN AND HAYLEY MORRIS-DUNCAN, Appellants
### V.
### ACIUS GROUP, LP AND SURVIVOR OUTREACH SERVICES, LLC, Appellees

**On Appeal from the 429th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 429-03198-2018**

## CONCURRING AND DISSENTING OPINION
Before Justices Whitehill,[1] Partida-Kipness, and Pedersen, III
Opinion by Justice Partida-Kipness

Context matters. In this case, the majority correctly determines that the Texas Citizens Participation Act does not apply to Hayley Morris-Duncan's statement that Tom Maxwell was a "pathological liar." But the majority misses the mark when concluding the Act applies with respect to her statement accusing Maxwell of "abusing and/or killing his cherished horses, cattle and dogs." Accordingly, I respectfully dissent to that portion of the majority's opinion and would affirm the trial court's denial of appellants' dismissal motion in its entirety.

The purpose of the Act is to "encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum

---

[1] Justice Whitehill did not participate in oral argument but participated in the resolution of this appeal. Justice Carlyle participated in oral argument but did not participate in the resolution of this appeal.

extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." TEX. CIV. PRAC. & REM. CODE ANN. § 27.002. Appellants bore the initial burden to show ACIUS Group, LP and Survivor Outreach Services, LLC's claims were based on, related to, or in response to Morris-Duncan's exercise of her right to free speech as a communication made in connection with a matter of public concern. *See id*. §§ 27.001(3); 27.005(b)(1). A "matter of public concern" includes an issue related to health or safety; environmental, economic, or community well-being; the government; a public official or public figure; or a good, product, or service in the marketplace. *Id*. § 27.001(7).

As the majority acknowledges, we consider the pleadings and any affidavits in the light most favorable to the nonmovant, favoring the conclusion that the challenged claims are not predicated on protected expression. *See Reed v. Centurion Terminals, LLC*, No. 05-18-01171-CV, 2019 WL 2865281, at *4 (Tex. App.—Dallas July 3, 2019, no pet. h.) (mem. op). When determining whether a claim relates to the exercise of free speech, we must look to the context of the entire communication in which the allegedly defamatory statement is made. *See Campbell v. Clark*, 471 S.W.3d 615, 624 (Tex. App.—Dallas 2015, no pet.).

In this case, Morris-Duncan's alleged comment about Maxwell, ACIUS's limited partner, was posted on her personal Facebook account after her husband was fired as chief officer of operations for ACIUS.[2] While I do not disagree that an allegation of animal cruelty *can* be a matter of public concern, the context and situation surrounding Morris-Duncan's purported statement about Maxwell does not support such a conclusion here. It is clear from the context of her statements about Maxwell, that Morris-Duncan's alleged comments were not made out of a concern for the welfare and safety of the animals under Maxwell's care, but rather out of a desire

---

[2] In her affidavit in support of appellants' motion to dismiss, Morris-Duncan states that appellees "allege I defamed Maxwell by posting on my Facebook account about a person who owned wolves and other animals that died. I did not name Maxwell—nothing in the post connects to Maxwell."

to paint Maxwell in a bad light and to call his character into question after ACIUS terminated her husband's employment. While Morris-Duncan's statement may be defamatory (an issue we do not decide), it is not a matter of public concern and, thus, not the type of communication to which the Act applies.

I, therefore, respectfully dissent from that part of the judgment reversing in part the trial court's order denying appellees' dismissal order based on the alleged statement accusing Maxwell of abusing and/or killing his horses, cattle, and dogs. I would instead affirm the trial court's order in its entirety. I join in the majority's opinion in all other respects.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

181432DF.P05